(105 So. 352)

No. 27229.

## STATE v. SUTCLIFFE.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⟨⟩⟨⟩1117(5)—Facts as taken down by clerk accepted when in variance with recital of bill of exceptions.**

When there is a variance between recital of bill of exceptions and facts as taken down by clerk, Supreme Court will accept and act on latter.

**2. Criminal law ⟨⟩⟨⟩408—Evidence of agreement to compromise crime not admissible against accused, unless made by accused or person authorized by him.**

Evidence of an agreement to compromise a crime is inadmissible against accused, unless such agreement was made by accused or some person authorized to speak and act for him.

**3. Criminal law ⟨⟩⟨⟩1137(5) — Defendant first opening subject of attempted compromise cannot complain of state eliciting fact that it was defendant or his family who attempted to compromise.**

Where defendant opened subject by asking prosecuting witness if he had not agreed to compromise, thereby attempting to discredit him, state was properly permitted, on redirect examination, to show that it was not prosecuting witness who attempted to bring about settlement, but that it was defendant or his family.

**4. Criminal law ⟨⟩⟨⟩1137(5)—Defendant opening inquiry as to irrelevant matter prejudicial to state cannot complain of explanatory evidence offered by state.**

A defendant who opens inquiry into matter wholly irrelevant and secures favorable answer, and one that is prejudicial to state, cannot ob-

ject to evidence offered by state which goes to explain matter inquired about.

**5. Criminal law ⟨⟩⟨⟩419, 420(8) — Testimony that parties made offer of compromise to prosecuting witness at instance of defendant not objectionable as hearsay.**

Evidence that parties had made an offer of compromise to prosecuting witness, and that in doing so they were acting for and at instance of defendant, was not objectionable as hearsay.

**6. Criminal law ⟨⟩⟨⟩408—To be admissible, offer to compromise crime need not be in writing.**

An offer to compromise a crime need not be in writing in order to be admissible.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Prentiss B. Carter, Judge.

Alex Sutcliffe was convicted of cutting and stabbing with dangerous weapon with intent to kill, and he appeals. Affirmed.

H. K. Strickland, of Baton Rouge, and M. J. Allen, of Amite, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen. (A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. The defendant appeals from a conviction and sentence for the offense of cutting and stabbing with a dangerous weapon with the intent to kill.

There are five bills of exception in the record. The first four relate to the admission of certain testimony over the objection of the accused, and may be considered together, as they cover practically the same question, and involve the same legal principle. The fifth bill was reserved to the overruling of a motion for a new trial.

When the prosecuting witness, the victim of the defendant's assault, was on the stand, the defendant's counsel on cross-examination asked him the following question:

"Q. 'Did you not agree to compromise this case with the defendant for $100?'" To

which the witness answered in the affirmative.

On redirect examination the district attorney proceeded to question the witness in reference to the compromise, and was met by an objection by the counsel for the defendant.

There is a difference in the form of the question propounded by the district attorney as stated in the bill and the question as taken down by the clerk of court as a basis for the exception.

In the bill the question is:

"Q. Did anybody offer to compromise this case with you?"

In the clerk's note of evidence the question is:

"Q. Who were the agents of defendant that came to you?" To which question the witness answered, giving the names of four persons.

Another question put to the witness was:

"Q. Did anybody offer you $100?" To which the witness answered that it was the father of the accused who had offered the $100.

[1] The rule is that when there is a variance between the recital of the bill of exception and the facts as taken down by the clerk, the court will accept and act on the latter. At all events there is no doubt that the question as stated by the clerk is the one that was made by the district attorney and the one objected to by counsel. There is a notation on page 10 of the transcript at the beginning of the bill of exception which shows that the bill referred to the note of evidence as transcribed on page 16 of the transcript. There is likewise a notation in the note of evidence which shows that the evidence related to the bill of exception on page 10 of the transcript. So we are fully justified in accepting the question as taken down by the clerk.

The objection made to this question was that any statements made by any of the parties named by the witness is hearsay and not admissible and that anything said or done is not binding on the accused.

The objection to the other question, "Did anybody offer you $100?" to which the witness answered that it was the father of the accused, is noted by the clerk as follows:

"Defendant objects to anybody offering him $100 in way of compromise unless defendant was present and heard the offer."

[2] It scarcely needs citation of authority to sustain the proposition that evidence of an agreement to compromise or compound or condone a crime, or of an offer to do so, is inadmissible when offered as original incriminating evidence against a party on trial for the commission of the crime involved in the compromise or offer of compromise, unless it is shown that such agreement or offer was made by the accused or by some person authorized to speak and to act for him.

[3] But we have no such proposition to deal with here, and the rule stated and the authorities cited in defendant's brief are not applicable under the facts and circumstances shown by the record.

It appears that the accused and the person he was charged with wounding were first cousins, their fathers being brothers.

The father of the accused was present at the trial and assisted in the defense of his son. The father of the prosecuting witness was also present at the trial, and assisted in the prosecution.

Evidence had gone to the jury, presumably at the instance of the accused, concerning the payment by the accused or by his father of the doctor's bills and other expenses occasioned by the wounding of the defendant's cousin. There was also evidence going to show or tending to show that efforts had been made to settle and adjust the family disagreement, and to keep down the criminal prosecution of the defendant.

But no evidence had been offered on the part of the state which had the effect of showing that the defendant was responsible for the attempted compromise and adjustment. The defendant was the first one to go into the question of compromise when he asked the prosecuting witness if he had not agreed to compromise for $100. Having himself opened up the subject-matter, with the view of fastening the responsibility upon the prosecuting witness and thereby discrediting him, it was perfectly proper and legally permissible for the state to prove on redirect examination that it was not the wounded man who attempted to bring about a settlement and to avoid the prosecution, but that it was the defendant or his family.

Without such evidence the prosecuting witness occupied the unenviable position before the jury of having compounded or attempted to compound a felony.

The testimony was admissible for the purpose of relieving the prosecuting witness from the imputation that he was the one responsible for bringing about the stated agreement of compromise.

[4] Moreover, a defendant in a criminal prosecution, who opens up an inquiry into a particular subject-matter wholly irrelevant to the merits of his defense, and secures a favorable answer to his question, and one that is prejudicial to the state and discredits the prosecution, cannot object to evidence offered by the state which goes to explain the matter inquired about, and is in direct traverse of the evidence elicited by the defendant.

[5] Nor do we think the evidence was hearsay. The state did not attempt to prove what the four parties named stated to the prosecuting witness, but the mere fact that the parties had made an offer of compromise, and that in doing so they were acting for and at the instance of the defendant.

[6] We know of no law and have been re-ferred to none which requires that an offer to compromise a crime must be in writing before it can be admitted in evidence.

The motion for a new trial presents nothing calling for further consideration. The motion is based on the alleged errors committed by the judge in admitting the testimony, which we have already considered.

The conviction and sentence are affirmed.